IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,742-01






EX PARTE TIMIRON ARNETT CHUNN, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER F-99-0304-ECWHC1 IN THE 211TH

JUDICIAL DISTRICT COURT DENTON COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). A jury found Applicant guilty of murder and sentenced him to confinement for sixty
years. The conviction was affirmed in an unpublished opinion, Chunn v. State, No. 02-00-244-CR (Tex. App.--Fort Worth, Opinion Issued October 18, 2001, Pet. Ref'd.).

 In this application for a writ of habeas corpus, Applicant contends that his right to
confront witnesses under the Sixth Amendment to the United States Constitution was
abridged in several instances during the course of his trial. The State has not provided a
response to Applicant's claims, and the trial court has not entered findings of fact and
conclusions of law. It is this Court's opinion that additional information is needed before this
Court can render a decision on these grounds for review, including a copy of the opinion of
the Fort Worth Court of Appeals, which was not included in the record to this Court. 
Further, the trial court shall order the State to file a meaningful response to Applicant's
claims and supplement the record with the State's response to this Court.

 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law that are relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. Further, because this Court does not hear evidence, Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 60 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law,
shall be returned to this Court within 90 days of the date of this order. (2)




FILED: March 8, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.